In the Matter of 165 WEST 71ST STREET, INC., Appellant, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents.

First Department, July 2, 1943.

*Frederick Behr* for appellant.

*Paxton Blair* of counsel (*Murray Rudman* with him on the brief; *Robert H. Schaffer, Acting Corporation Counsel*), for respondents.

COHN, J. Petitioner's building, No. 165 West 71st Street, and the one west of it, No. 167, were held by a common owner. On each building there was a separate mortgage held in each instance by a different mortgagee. In 1923, the then owner combined the two buildings into one multiple dwelling. Before the merger, No. 165 was a three-story and basement nonhousekeeping residence building, and No. 167 was a seven-story, non-fireproof, doctors' office building. In consolidating the two properties, the street entrance to No. 165 was eliminated, the halls and stairs therein were removed, thus necessitating the use of the entrance and stairways in No. 167 as a means of entry into No. 165. To accomplish this, openings were carved out of the walls dividing the two buildings. A certificate of occupancy was then issued covering the entire building known as No. 165 and 167 West 71st Street.

Thereafter, both mortgages were foreclosed and each of the properties, as it existed before the merger, was purchased by a different person. When the new owner of No. 167 came into possession, he ordered the owner of No. 165 to remove its tenants because they would no longer be permitted to use No. 167 as a way of entry into No. 165. The openings used as a means of access between the two buildings were shut off so that neither structure could lawfully be occupied, since the certificate of occupancy covered only the occupancy of the combined units.

Petitioner, who finally became the owner of No. 165, submitted plans to the Department of Housing and Buildings for the alteration of its building by installing a new entrance from the street, and a stair hall, and by making other alterations so as to comply with all requirements of the Multiple Dwelling Law and the Building Code of the City of New York in order to obtain a new certificate of occupancy for its premises. The application of petitioner was denied by the Borough Superintendent of the Department of Housing and Buildings of the Borough of Manhattan. On appeal to the Board of Standards and Appeals of the City of New York the order of the Borough Superintendent was sustained. Upon a review by order of certiorari issued pursuant to section 668e–1.0 of the Administrative Code of the City of New York, the Special Term con-

firmed the determination of the Board of Standards and Appeals and dismissed the petition.

The refusal of petitioner's application for permission to separate the premises herein from its westerly portion and to make certain alterations so as to restore the building to its original independent use, rests upon the fact that the arrangement would render the seven-story portion (No. 167) unlawful for use as a multiple dwelling.

We think that the denial of petitioner's application by the Superintendent of Buildings was clearly unwarranted. Even if it were to be assumed that the alterations sought to be made would render the use of the adjacent premises unlawful, that assumption would not justify a ruling which prevents petitioner from making lawful use of its own property.

Sections 8 and 13 of the Multiple Dwelling Law, upon which respondents rely, do not prohibit the consummation of petitioner's plans. The provisions of those statutes do not apply to the situation presented here.

It is suggested that a practical solution of the difficulty between the two owners might be arrived at by an arrangement pursuant to which the owner of each building would comply with all applicable provisions of law so that one parcel should not be dependent upon the other. However, the owners are unable to agree. There is no good reason why petitioner in the circumstances should be forced into an objectionable bargain or should be compelled to submit to the whim and fancy of the adjacent owner. Petitioner is entirely willing to comply with all legal requirements to make its structure an independent multiple dwelling. Denial to petitioner of its right to lawfully use its premises because the adjacent owner might be unwilling or unable to comply with statutory regulations is, in the circumstances, unreasonable and unjust. Petitioner is entitled to the relief it seeks.

The orders should be reversed, with twenty dollars costs and disbursements, the determination of the Board of Standards and Appeals annulled, and the Borough Superintendent of the Department of Housing and Buildings of the Borough of Manhattan should be directed to issue the necessary permits and a certificate of occupancy if all legal requirements have been complied with.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Orders unanimously reversed, with twenty dollars costs and disbursements, the determination of the Board of Standards and Appeals annulled, and the Borough Superintendent

of the Department of Housing and Buildings of the Borough of Manhattan is directed to issue the necessary permits and a certificate of occupancy if all legal requirements have been complied with. Settle order on notice.